NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMY KONSTANTELOS, et al.,<br><br>     Plaintiffs-Appellees,<br><br> v.<br><br>NORM HICKLING,<br><br>     Defendant-Appellant. | No. 17-55970<br><br>D.C. No.<br>2:09-cv-06476-VAP-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted October 10, 2018**
Pasadena, California

Before: SCHROEDER and NGUYEN, Circuit Judges, and WHELAN,*** District Judge.

Norm Hickling appeals the district court's order denying qualified immunity

as to the § 1983 claims against him, and California Penal Code section 11172(a)

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 *** The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

immunity as to the state tort claim against him. We have jurisdiction pursuant to 28 U.S.C. § 1291 and the collateral order doctrine as set forth in *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Reviewing de novo, *see Liberal v. Estrada*, 632 F.3d 1064, 1073 (9th Cir. 2011), we reverse the district court and remand for entry of judgment of dismissal as to Hickling.

Amy and Eric Konstantelos allege that Hickling, an employee of the Los Angeles County Board of Supervisors, retaliated against them in violation of the First Amendment and violated state tort law by making a false report to the Los Angeles County Department of Children and Family Services ("DCFS").

"[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted)). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.' " *Id.* (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks omitted)). In California, state tort liability for voluntary reporters of child abuse or neglect is predicated on (1) the falsehood of the report; and (2) knowledge of the report's falsity, or reckless disregard for its truth or

2

falsity. *See* Cal. Penal Code § 11172(a); *Dwight R. v. Christy B.*, 151 Cal. Rptr. 3d 406, 414 (Ct. App. 2013).

Viewing the factual record in the light most favorable to the Konstanteloses, Hickling received a string of emails that implicated child safety, culminating in a frantic voicemail from a child left at the behest of its mother. Hickling shared the situation with a coworker who had previously worked with DCFS.

Even assuming the existence of a clearly established First Amendment right under these circumstances, there is no evidence that Hickling contacted DCFS. Nor is there evidence that when DCFS contacted him, he knowingly or recklessly provided false information, as required for state tort liability.

We **REVERSE** and **REMAND** for entry of judgment of dismissal as to claims against defendant Hickling on grounds of qualified immunity and California Penal Code section 11172(a) immunity.